IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALICIA N.,[1]

    Plaintiff,

v().                                                                                                  Case No. 1:23-cv-00365-LF

FRANK BISGIANO,[2] Commissioner
of the Social Security Administration,

    Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed on November 17, 2025. *See* Doc. 29. The Commissioner took no position on the fee petition. *Id.* at 2. Having reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised in the premises, the Court will GRANT the motion.

**I.**    **Procedural History**

On April 11, 2017, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"), alleging disability since 2010. AR 315–29. The Social Security Administration ("SSA") denied her claims both initially on May 25, 2017, and on

---

[1] In the interest of privacy, this order uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] On May 7, 2025, Frank Bisgiano was sworn in as Commissioner of Social Security. Consequently, Mr. Bisgiano has been "automatically substituted as a party." FED. R. CIV. P. 25(d). Because "[l]ater proceedings should be in [his] name," the Court has changed the caption of this case. *Id.*; *see also* 42 U.S.C. § 405(g) (stating that such an action "survive[s] notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

reconsideration on August 2, 2017. AR 109–10; 163–64. Plaintiff requested a hearing before an administrative law judge ("ALJ"), and the ALJ issued an unfavorable decision on June 12, 2019. AR 165–77. Plaintiff appealed the decision to the SSA's Appeals Council, and the Appeals Council vacated the decision and remanded the case back to the ALJ. AR 185–86. The ALJ again denied Plaintiff's claims on November 6, 2020. AR 1747–60.

Plaintiff then filed a complaint with this Court, and the Commissioner agreed to voluntarily remand the case pursuant to 42 U.S.C. § 405(g) on January 19, 2022. AR 1778–84. U.S. Magistrate Judge Jerry Ritter granted Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act and ordered that Plaintiff's attorney, Laura Johnson, receive $6,300.00 in attorney's fees. *Navarrette v. Kijakazi*, No. 21-cv-00341-JHR, Doc. 26 at 1 (D.N.M. Apr. 22, 2022). Pursuant to the Court's order remanding the case, the Appeals Council remanded the case to the ALJ. AR 1787–88. The ALJ then issued a decision denying Plaintiff's claims on February 28, 2023. AR 1680–98.

Plaintiff filed this action to challenge the ALJ's February 28, 2023, decision. *See* Doc. 1 at 1. On November 7, 2023, the Court granted the Commissioner's unopposed motion to remand the case to the SSA pursuant to 42 U.S.C. § 405(g). Doc. 24 at 1. On September 23, 2024, the ALJ issued a final administrative decision that was fully favorable to Plaintiff. Doc. 29-1 at 1–19. The SSA awarded Plaintiff back benefits totaling $129,899.90, of which the SSA withheld $32,474.75 for attorney's fees. Doc. 29 at 2; Doc. 29-1 at 22–23, 25. The ALJ did not approve the fee agreement between Plaintiff and Ms. Johnson because that agreement only covered representation at the administrative level and did not cover representation before this Court. Doc. 29-1 at 20. However, Ms. Johnson filed a fee petition in the amount of $10,000 pursuant to 42 U.S.C. § 406(a) for representation before the SSA. Doc. 29 at 5.

On February 1, 2024, Plaintiff filed an Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 26), which the Court granted, awarding Plaintiff $7,209.80 in attorney fees.  Doc. 27 at 1.  Plaintiff now requests that $22,474.75 be awarded as attorney's fees for legal services rendered before this Court pursuant to 42 U.S.C. § 406(b).  Doc. 29 at 2.  Should the Court grant the motion, Plaintiff will be refunded the $13,509.80 in Equal Access to Justice Act ("EAJA") fees previously awarded by this Court.  *Id.*

## II.     Standard

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, while § 406(b) governs fees for representation in court.  *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006).  "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court."  *Id.*  Attorneys representing Social Security claimants in court may seek fees for their work under both the EAJA and under § 406(b).  *Id.* at 497.[3]  If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant.  *Id.*

---

[3] The Tenth Circuit has explained:

> There are several differences between the two types of fees.  For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits.  Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds."  In that vein, an EAJA award is to the claimant, while counsel receives an SSA award.  Finally, EAJA fee awards are allowed only if the government's position was not

Under 42 U.S.C. § 406(b)(1),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 586 U.S. 53, 60–62 (2019).

"The tenor of § 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by a reasonable hourly fee." 535 U.S. 789, 797–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id.* at 793. Courts

---

"substantially justified" or there are no special circumstances that "make an award unjust." SSA funds are not so conditioned.

*McGraw*, 450 F.3d at 497 (citations omitted).

should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.  The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness.  *Id.*

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.  Factors relevant to the reasonableness of the fee request include:  (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case.  *See id*. at 808.  Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable.  *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").  A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases.  *Id*. at 808.  The statute does not specify a deadline for requesting fees.  *See* 42 U.S.C. § 406(b).  The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### III.  Analysis

First, the Court finds that Ms. Johnson requested § 406(b) fees within a reasonable time.  The ALJ issued Plaintiff a favorable decision on September 23, 2024.  Doc. 29-1 at 1.  On October 4, 2025, the SSA issued a Notice of Award indicating the amount of back benefits due to Plaintiff as well as the attorney's fees withheld.  Doc. 29-1 at 22–27.  Ms. Johnson filed this motion approximately a month and a half later on November 17, 2025.  *See* Doc. 29.  The Court

finds this to be filed within a reasonable time. *See Early v. Astrue*, 295 F. App'x 916, 919 (10th Cir. 2008) (finding no error where district court assessed reasonableness from the date of the Notice of Award); *cf. Shultz v. Saul*, No. 16-cv-00080-LF, 2020 WL 5645697, at *4 (D.N.M. Sept. 22, 2020) (finding that a delay of over eight months between the date of a Notice of Award and the filing of a § 406(b) motion "verges on being excessive").

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) requirement of not exceeding 25% of the past-due benefits. The Court finds that the fee agreement meets that requirement. Plaintiff signed fee agreements on March 9, 2021, and April 10, 2023, that stated, in part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .
>
> I understand that the federal court [may] order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA"). If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits. In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

Doc. 29-1 at 32–33.

Third, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, the Court finds Ms. Johnson's requested attorney's fees reasonable. Ms. Johnson obtained a fully favorable outcome for Plaintiff, and she was not responsible for any appreciable delay in the resolution of the case. Ms. Johnson's fee request of $22,474.75 is not disproportionately large in comparison to the amount of time she spent representing Plaintiff before this Court, *see* Doc. 29-1 at 28–31 (57.4 hours, or $391.54 per hour), and is in line with other § 406(b) awards in this District, *see, e.g.*, *Shultz*, 2020 WL 5645697, at *5 ($414 per hour fee award); *Flory v.*

*Saul*, No. 17-cv-00457-WJ-KBM, 2020 WL 2615747, at *2 (D.N.M. May 7, 2020) ($323 per hour fee award); *Rathburn v. O'Malley*, No. 22-cv-00478-SCY, 2024 WL 4651027, at *3 (D.N.M. Nov. 1, 2024) ($600 per hour fee award).  Additionally, a $22,474.75 award is well below the cap of 25% of Plaintiff's past-due benefits imposed by both § 406(b) and the fee arrangements that Plaintiff signed.  *See* 42 U.S.C. § 406(b)(1)(A); Doc. 29-1 at 32–33.  Thus, the Court's independent check finds the requested award to be both appropriate and reasonable.

    **IT IS THEREFORE ORDERED** that the Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 29) is GRANTED.  Ms. Johnson is awarded $22,474.75 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing Plaintiff before this Court.

    **IT IS FURTHER ORDERED** that Ms. Johnson will refund to Plaintiff the $6,300.00 and $7,209.80 ($13,509.80 total) in EAJA fees previously awarded in Plaintiff's appeals.

                                                _____
                                                Laura Fashing
                                                United States Magistrate Judge
                                                Presiding by Consent